1  STEPHEN F. BIEGENZAHN (State Bar No. 60584)
2  **LAW OFFICE OF STEPHEN F. BIEGENZAHN**
   4300 Via Marisol, Suite 764
3  Los Angeles, California 90042-5079
   Telephone: (213) 617-0017
4  Facsimile: (480) 247-5977
   Email: Steve@SFBLaw.com
5
6  Counsel for Defendant

7

8                  UNITED STATES BANKRUPTCY COURT

9                  CENTRAL DISTRICT OF CALIFORNIA

10                         LOS ANGELES DIVISION

11

12 | In re:                                  | Case No.: LA 08-17036-SB
13 |                                         |
   | **RAYMOND VARGAS**, an individual,      | Chapter 7
14 |                                         |
15 |                         Debtor.         |
   |                                         |
16 |                                         |
   | **RAYMOND VARGAS**,                     | Adv. No. 09-01135-SB
17 |                                         |
18 |                         Plaintiff,      | **OBJECTION TO UNILATERAL
   |                                         | STATUS REPORT AND REQUEST
19 |          vs.                            | FOR CONTINUANCE; DECLARATION
   |                                         | OF STEPHEN F. BIEGENZAHN**
20 | **FREEDOM HOME MORTGAGE                 |
   | CORPORATION, MORTGAGE                   |
21 | ELECTRONIC REGISTRATION                 |
   | SYSTEMS, INC; and DOES 1 through        |
22 | 150, inclusive,**                       | Date: April 14, 2009
   |                                         | Time: 10:00 a.m.
23 |                                         | Ctrm: 1575
   |                         Defendants.     |
24

25

26         Freedom Home Mortgage Corporation ("FMC"), through its counsel of

27 record, objects to the unilateral Status Report ("Report") filed by counsel to Raymond

28 Vargas, plaintiff in the above-captioned adversary proceeding ("Plaintiff" and

                   OBJECTION TO UNILATERAL STATUS REPORT
                                    1

"Adversary", respectively). For reasons amplified below, FMC requests that the status conference for which the Report was belatedly prepared ("Conference") be continued, and Plaintiff be ordered to comply with applicable rules of procedure.

**BACKGROUND**

The complaint which commenced the Adversary was filed on February 11, 2009. FMC filed a timely answer on March 13, and counsel for FMC attempted to contact counsel for the Plaintiff—Mr. Marcus Gomez—on a number of occasions.[1] Although Mr. Gomez's receptionist did have two brief conversations with FMC's counsel, Mr. Gomez ignored both telephonic and e-mail invitations to meet and confer.

On April 8, counsel for FMC received an electronic notification from the Bankruptcy Court that the Report had been filed. It bears notation that the Report was **not** served on FMC or its counsel electronically, if it was served at all.

**THE REPORT**

The Report is flawed in numerous respects. First, it was not timely despite the provisions of Local Bankruptcy Rule 7016-1. Second, the Proof of Service is nonsensical. Third, and most important, it contains a material misstatement of fact. In part A.4. the Report avers that "counsel met and conferred in compliance with Local Bankruptcy Rule 7026-1." That is patently false. *See*, Biegenzahn Declaration, para. 2 through para. 5. Finally, the Report concedes that at least one defendant has not even been served, and that at least one other party is to be added; but suggests that discovery – which has not yet been commenced – will be complete in July of this year.

---

[1] Factual assertions made here are supported by the accompanying Declaration of Stephen F. Biegenzahn ("Biegenzahn Declaration").

OBJECTION TO UNILATERAL STATUS REPORT

2

1 **CONTINUANCE**

2     Holding the Conference, especially under these circumstances, would be a
3 monumental waste of time – for the litigants and the Court. It should be continued at
4
5 least sixty days, and counsel for the Plaintiff should be ordered to comply with Local
6 Bankruptcy Rule 7026, or risk sanctions against him and against the Plaintiff, if
7 compliance requirements are not met.
8
9 Date: April 8, 2009         LAW OFFICES OF STEPHEN F. BIEGENZAHN

By: *[signature]*
    Stephen F. Biegenzahn

# DECLARATION OF STEPHEN F. BIEGENZAHN

I, Stephen F. Biegenzahn, declare and state:

1.    I am an attorney duly licensed to practice law before all state and federal courts in California. I make this Declaration in support of the preceding Objection To Unilateral Status Report [etc.] ("Objection"). I can and do, as a matter of personal knowledge, affirm the accuracy of the factual statements made in the Objection. For the sake of brevity and consistency, I adopt here the definitions provided in the Objection.

2.    The complaint which initiated the Adversary appears to have been filed on February 11, 2009 by Marcus Gomez, an attorney with whom I have never worked, and still do not know. I received a copy of the complaint from FMC. On March 11, I sent an e-mail to Mr. Gomez which stated the following:

> I have been retained by Freedom Mortage to respond to your clients "Adversary [sic] Complaint For Damages [etc.] ("Complaint"). I had hoped to discuss the matter with you; but my phone calls have gone unanswered.
> I need the adversary proceeding #, the status conference date, and I need to know when we can schedule our Rule 7026 compliance.
> Thank you in advance.

3.    On March 13, I filed a verified Answer electronically on March 13, 2009 ("Answer"). The Answer was served by mail by me on Mr. Gomez, and on the chapter 7 trustee, the day it was filed.

4.    The following is the substance of the reply which came from someone in Mr. Gomez's office on the afternoon of March 13:

> Our office will also respond to your request regarding the scheduling of Rule 7026 compliance shortly.
> Mr. Gomez has a very busy March 2009 calendar.

5.   Notwithstanding the assurance provided on behalf of Mr. Gomez, no one contacted me to discuss Rule 7026 compliance; and my two subsequent telephone calls resulted in nothing. In fact, had it not been for ECF providing me with notification that the Report had been filed, I would not have known of its existence or its contents until next week.

6.   I have a section 341(a) hearing which is scheduled at the precise time as the Conference. I had intended to try to appear telephonically – having followed the Court's required procedure. However, based on the foregoing, I believe it would be unduly prejudicial to FMC if the Court were to proceed with the Conference at all.

Executed April 8, 2009 at Los Angeles, California. I declare, under penalty of perjury, that the foregoing is true and correct; and, that if called as a witness, I could and would testify competently to the foregoing, on the basis of personal knowledge.

_____
Stephen F. Biegenzahn

OBJECTION TO UNILATERAL STATUS REPORT

5

# PROOF OF SERVICE

I, the undersigned declare and state that I am over the age of 18 years; my business address is 4300 Via Marisol, Suite 764, Los Angeles, California; and I am not a party to the instant action.

On April 8, 2009, I caused a copy of the **OBJECTION TO UNILATERAL STATUS REPORT [etc.]** and the **NOTICE OF TELEPHONIC APPEARANCE** to be mailed to the defendant in the action by first class mail with postage prepaid, addressed as follows:

Law Offices of Marcus Gomez
Marcus Gomez, Esq.
12749 Norwalk Blvd., Suite 204-A
Norwalk, CA 90650

John P. Pringle, Esq.
6055 E. Washington Blvd., Suite 500
Los Angeles, CA 90040

The document was also served on Mr. Gomez by facsimile (562-929-7409) also on April 8, 2009.

Executed April 8, 2009 at Los Angeles, California.

I declare, under penalty of perjury that the foregoing is true and correct; and that, if called as a witness, I could and would testify competently thereto.

Stephen F. Biegenzahn