| | |
|---|---|
| Attorney or Party Name, Address, Telephone & FAX Numbers, and California State Bar Number<br><br>Marcus Gomez SBN89698<br>Law office of Marcus Gomez<br>12749 Norwalk Blvd., Suite 204A<br>Norwalk, CA 90650<br><br><br><br>*Attorney for Plaintiff* s Raymond Vargas and John P Pringle | FOR COURT USE ONLY |

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| In re:<br>Raymond Vargas<br><br><br>Debtor. | CHAPTER _7_<br><br>CASE NUMBER  LA08-17036-SB<br><br>ADVERSARY NUMBER  09-01135-SB |
| Raymond Vargas<br>Plaintiff(s),<br><br>vs.<br><br>Freedom Home Mortgage Corporation , Et. al.<br>Defendant(s). | *(The Boxes and Blank Lines below are for the Court's Use Only) (Do Not Fill Them In)*<br><br>AMENDED<br>**SUMMONS AND NOTICE OF**<br>**STATUS CONFERENCE** |

TO THE DEFENDANT: A Complaint has been filed by the Plaintiff against you. If you wish to defend yourself, you must file with the Court a written pleading, in duplicate, in response to the Complaint. You must also send a copy of your written response to the party shown in the upper left-hand corner of this page. Unless you have filed in duplicate and served a responsive pleading by _____, the Court may enter a judgment by default against you for the relief demanded in the Complaint.

A Status Conference on the proceeding commenced by the Complaint has been set for:

| | | | |
|---|---|---|---|
| **Hearing Date:** | **Time:** | **Courtroom:** | **Floor:** |
| ❑   **255 East Temple Street, Los Angeles** | | ❑   **411 West Fourth Street, Santa Ana** | |
| ❑   **21041 Burbank Boulevard, Woodland Hills** | | ❑   **1415 State Street, Santa Barbara** | |
| ❑   **3420 Twelfth Street, Riverside** | | | |

PLEASE TAKE NOTICE that if the trial of the proceeding is anticipated to take less than two (2) hours, the parties may stipulate to conduct the trial of the case on the date specified, instead of holding a Status Conference. Such a stipulation must be lodged with the Court at least two (2) Court days before the date set forth above and is subject to Court approval. The Court may continue the trial to another date if necessary to accommodate the anticipated length of the trial.

Date of Issuance: _____

**JON D. CERETTO**
**Clerk of the Bankruptcy Court**


By: _____
*Deputy Clerk*

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

1 | Marcus Gomez, Esq. (SBN 89698)
Law office of Marcus Gomez
2 | 12749 Norwalk Blvd., Suite 204A
Norwalk, California 90650
3 | Telephone:    562.929.2309
Facsimile:    562.864.5459
4

5 | Brett A Baer, Esq. (SBN 212992)
Doan Law Firm, LLP
6 | 2850 Pio Pico Vista Drive, Suite D
Carlsbad, CA 92008
7

8 | Telephone: 760.450.3333
Facsimile: 760.720.6082
9

10 | Attorneys for Plaintiffs
Raymond Vargas and John P Pringle

11

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA-LOS ANGELES DIVISION**

In re

RAYMOND VARGAS,  an individual

SSN xxx-xx-1938

              Debtor

 

RAYMOND VARGAS, JOHN P
PRINGLE, Chapter 7 Bankruptcy Trustee of
RAYMOND VARGAS
              Plaintiffs,

              vs.

FREEDOM HOME MORTGAGE
CORPORATION, MORTGAGE
ELECTRONIC REGISTRATION
SYSTEMS, INC., MONTE VISTA
ESCROW, THOMAS MONTAGHAMI,
and all persons claiming by, through, or
under such person, all persons unknown,

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

**Chapter 7 Case No.: LA08-17036-SB**

**Adversary No.: 09-01135-SB**

**FIRST AMENDED ADVERSARY
COMPLAINT FOR DAMAGES FOR
FRAUD, PREDATORY LENDING
SPOILATION OF EVIDENCE, RECISION,
UNLAWFUL FORECLOSURE, LIBEL,
QUIET TITLE, DECLARATORY AND
INJUNCTIVE RELIEF**

LAW OFFICE OF MARCUS GOMEZ
12749 Norwalk Blvd., Suite 204-A, Norwalk, California 90650
562.929.2309 telephone | 562.864.5459 facsimile

1

---

**FIRST AMENDED ADVERSARY COMPLAINT FOR DAMAGES FOR FRAUD, PREDATORY LENDING, SPOILATION
OF EVIDENCE, RECISION, QUIET TITLE, DECLARATORY AND INJUNCTIVE RELIEF**

claiming any legal or equitable right, title,  )
estate, lien, or interest in the property  )
described in the complaint adverse to  )
Plaintiff's title thereto; and Does 1-150,  )
inclusive,  )
                                                                    )
                        Defendants.  )
                                                                    )
_____  )

**TO THE ABOVE-CAPTIONED DEFENDANTS:**

**<u>ALLEGATIONS COMMON TO ALL CAUSES OF ACTION</u>**

1.   On May 21, 2008 Plaintiff Raymond Vargas (hereinafter referred to as "Plaintiff" or ("Vargas") filed a voluntary petition in Bankruptcy and on that date was entitled to relief under Chapter 13 of the Bankruptcy Code.

2.   On July 11, 2008 Vargas converted his bankruptcy case to one under Chapter 7 of the Bankruptcy Code.

3.   John P Pringle is the duly appointed Chapter 7 trustee ("Trustee") in the Bankruptcy estate (Estate) .

4.   This adversary proceeding is commenced under the Federal Rules of Bankruptcy Procedure.

5.   Defendants have filed claims against the estate which Plaintiffs dispute and therefore file this complaint.

6.   Plaintiffs also assert claims against the Defendants and therefore files this complaint.

7.   This court has jurisdiction over this proceedings pursuant to 28 USC §157(b)( ), 28 USC §1334(B), other provision of the Bankruptcy Code and the Orders of the District Court.

8.   Venue is proper in this district as this proceeding arises in and relates to a case under the Bankruptcy Code pending in this district

9.   The Plaintiff Raymond Vargas is an individual residing in the County of Los Angeles, State of California.

LAW OFFICE OF MARCUS GOMEZ
12749 Norwalk Blvd., Suite 204-A, Norwalk, California 90650
562 929 2309 telephone | 562 864 5459 facsimile

**FIRST AMENDED ADVERSARY COMPLAINT FOR DAMAGES FOR FRAUD, PREDATORY LENDING, SPOILATION OF EVIDENCE, RECISION, QUIET TITLE, DECLARATORY AND INJUNCTIVE RELIEF**

LAW OFFICE OF MARCUS GOMEZ
12749 Norwalk Blvd., Suite 204-A, Norwalk, California 90650
562.929.2309 telephone | 562.864.5459 facsimile

10. The Plaintiff Trustee is the trustee for the Bankruptcy Estate.

11. The Defendant Freedom Home Mortgage Corporation (hereinafter referred to as "FHMC") is and at all times was a corporation doing business in the County of Los Angeles, State of California.

12. The Defendant Mortgage Electronic Registration Systems, Inc. (hereinafter referred to as "MERS") is at all times was a corporation doing business in the County of Los Angeles, State of California.

13. The Defendant Monte Vista Escrow (hereinafter referred to as "Escrow") was at all times an escrow company doing business in the State of California.

14. The Defendant Thomas Montaghani (hereinafter referred to as "Montaghani") is an individual who worked as a Notary Public and did business in Los Angeles County.

15. The Defendants herein named as " all persons unknown, claiming any legal or equitable right, title, estate, lien, or interest in the property described in the complaint adverse to Plaintiffs' title, or any cloud on Plaintiffs' title thereto" (hereinafter sometimes referred to as "the unknown defendants") are unknown to Plaintiffs.  These unknown Defendants, and each of them, claim some right, title, estate, lien, or interest in the hereinafter-described property adverse to Plaintiffs' title; and their claims, and each of them, constitute a cloud on Plaintiff's title to that property.

16. The Plaintiffs are informed and believe and thereon allege that at all times mentioned herein Defendant Does 1 through 50 inclusive, were the agents and/or employees of defendant FHMC and in doing the things herein alleged were acting in the course and scope of such agency and/or employment and with the permission and consent of their codefendants.

17. The Plaintiffs are informed and believe and therein alleges that at all times mentioned

3

1    herein Defendants Does 51 through 100 inclusive, were the agents and/or employees of Defendant

2    MERS and in doing the things herein alleged were acting in the course and scope of such agency

3    and/or employment and with the permission and consent of their codefendants.

4        18. Plaintiffs are ignorant of the true names and capacities of Defendants sued herein

5    as DOES 1 through 100, and therefore sues theses Defendants by such fictitious names. Plaintiffs

6    will amend this complaint to allege their true names and capacities when ascertained. Plaintiffs are

7    informed and believe and thereon allege that each of these fictitiously named defendants claim

8    some right, title, estate, lien, or interest in the hereinafter-described property adverse to Plaintiffs'

9    title and their claims, and each of them, constitute a cloud on Plaintiff's title to that property.

10

11       19. The Plaintiffs are ignorant of the true names and capacities of the Defendants sued

12   herein as Does 101 through 151, inclusive, and therefore sues these defendants by such fictitious

13   names. The Plaintiffs will amend this complaint to allege their true names and capacities they have

14   been ascertained. The Plaintiffs are informed and believe and thereon alleges that each of the

15   fictitiously named Defendants is responsible in some manner for the occurrences herein alleged and

16   that Plaintiffs' damages as herein alleged were proximately caused by their conduct.

17

18       20. In and around October 2006 Plaintiff Raymond Vargas was a retired World War II

19   veteran in his 80's. In January of 2005 Plaintiff's only wife had passed away in the family home, so

20   that in October 2006 Plaintiff lived alone. Furthermore, On October 2006 Plaintiff was in poor

21   physical health, at times needed a wheelchair to move around and was dependant on others for

22   much of his basic care.

23

24       21. Plaintiff is and all times herein mentioned was the owner and purchaser of real

25   property located at 13055 Destino Lane, Cerritos, California 90703 and more particularly described

26   as: Lot 21 of Tract No. 2957, in the City of Cerritos, County of Los Angeles, State of California, as

27

28

LAW OFFICE OF MARCUS GOMEZ
12749 Norwalk Blvd., Suite 204-A, Norwalk, California 90650
562.929.2309 telephone | 562.864.5459 facsimile

4

**FIRST AMENDED ADVERSARY COMPLAINT FOR DAMAGES FOR FRAUD, PREDATORY LENDING, SPOILATION
OF EVIDENCE, RECISION, QUIET TITLE, DECLARATORY AND INJUNCTIVE RELIEF**

1   per Map recorded in Book 804 pages 98 to 100 inclusive of maps, in the office of the County

2   Recorder of said County. APN: 7027-004-037

3   ## FIRST CAUSE ACTION FOR FRAUD

4   ## AS TO DEFENDANTS FHMC, ESCROW AND MONTAGHAMI

5   22. Plaintiffs incorporate herein the prior allegations contained in this complaint.

6

7   23. On or about October 03, 2006 Defendants FHMC and Does 1 through 50, inclusive

8   defrauded Plaintiff Vargas by purporting to have Plaintiff Vargas enter into two (2) home loans, the

9   first for $630,000.00 (See attached Exhibit 1) and the second for $115,500.00 (See attached Exhibit

10  2).

11  24. At the time of the purported loans Plaintiff Vargas was an 81 year old widower living

12  on a social security income of approximately $1,400.00 per month and a pension of approximately

13  $308.00 per month. At the time of the purported loans Plaintiff Vargas had no other sources of

14  income.

15

16  25. The purported loans encumbered Plaintiff Vargas' residential property located at

17  13055 Destino Lane, Cerritos, California.

18  26. On or about October 03, 2006 Defendants FHMC and Does 1 through 50, inclusive

19  made the following representations to Plaintiff Vargas: that said Defendants were offering to

20  Plaintiff Vargas a reverse mortgage loan for which he could receive cash and not have to make any

21  mortgage payments during his lifetime. Defendants Escrow, Montaghami and Does 1-50 and Does

22  101-151 participated in the fraud by processing falsified documents in escrow. Defendant Escrow

23  did not fully disclose the loan documents to Plaintiff. Defendant Montaghami notarized signatures

24  that were not Plaintiff's as if they were Plaintiff's signature. Furthermore, in spite of a duty to

25  preserve and maintain records of the transactions Defendants Escrow and Montaghami permitted or

26  caused said documents to be destroyed

27

28

LAW OFFICE OF MARCUS GOMEZ
12749 Norwalk Blvd., Suite 204-A, Norwalk, California 90650
562 929 2309 telephone | 562 864 5459 facsimile

5

**FIRST AMENDED ADVERSARY COMPLAINT FOR DAMAGES FOR FRAUD, PREDATORY LENDING, SPOILATION OF EVIDENCE, RECISION, QUIET TITLE, DECLARATORY AND INJUNCTIVE RELIEF**

27. The representations made by said Defendants were in fact false. The true facts were that said Defendants were going to forge Plaintiff Vargas' signatures on the two (2) loans (Exhibits 1 and 2) which loans would cost Plaintiff Vargas fees and charges which he was not aware of and would not have accepted, would require Plaintiff Vargas to begin making monthly mortgage payments immediately and in amounts that exceeded Plaintiff Vargas' earnings and ability to pay. The escrow documents would not be fully disclosed to Plaintiff and a forged signature of Plaintiff would be notarized.

28. When Defendants made these representations they knew them to be false and made these representations with the intention to deceive and defraud Plaintiff Vargas and to induce Plaintiff Vargas to act in reliance on these representations in the manner hereafter alleged, or with the expectation that the Plaintiff Vargas would so act.

29. The Plaintiff Vargas, at the time these representations were made by the Defendants and at the time the Plaintiff Vargas took the actions herein alleged, was ignorant of the falsity of the Defendants' representations and believed them to be true. In reliance on these representations, the Plaintiff Vargas was induced to meet and speak with Defendants. Had the Plaintiff Vargas known the actual facts, he would not have taken such action. The Plaintiff Vargas' reliance on the Defendants' representations was justified because Defendants held themselves out as legitimate home loan brokers who could help Plaintiff Vargas with a reverse mortgage.

30. As a proximate result of the fraudulent conduct of the Defendants as herein alleged, the Plaintiff Vargas was unable to make his mortgage payments and his home fell into foreclosure by reason of which the Plaintiffs have been damaged in the sum of at least $750,000.00.

31. Plaintiff is informed and believes and thereon alleges that any applicable Statute of Limitations are equitably tolled and that Defendants are equitably estopped to any Statute of limitations defense.

LAW OFFICE OF MARCUS GOMEZ
12749 Norwalk Blvd., Suite 204-A, Norwalk, California 90650
562.929.2309 telephone | 562.864.5459 facsimile

6

32. The aforementioned conduct of the Defendants was an intentional misrepresent tion, deceit, or concealment of a material fact known to the Defendants with the intention on the part of the Defendants of thereby depriving the Plaintiffs of property or legal rights or otherwise c using injury, and was despicable conduct that subjected the Plaintiff to a cruel and unjust hardsh ) in conscious disregard of the Plaintiff's rights, so as to justify an award of exemplary and pur itive damages.

## SECOND CAUSE OF ACTION FOR PREDATORY LENDING

## AS TO DEFENDANT FHMC

33. Plaintiffs incorporate herein the prior allegations contained in this complaint.

34. Defendant FHMC and Does 1-50 participated in the effort to defraud Plaintiff /argas under conditions and terms unknown to Plaintiff and thereby reap undisclosed monetary g in.

35. Plaintiff is informed and believes that Defendants FHMC and Does 1-50 falsel filled out the house loan applications stating that Plaintiff made enough of an income to qualify or the subject home loans from FHMC. Plaintiff is informed and believes Defendant Does 1-50 ( id this under pressure and as agents of FHMC so that Defendant FHMC and Defendants Does 1- 0 could reap high fees and costs by closing the loan and profit from selling the loan on the second: ry market.

36. Notwithstanding the previous allegations Defendant FHMC and Does 1-50 fail :d to verify Plaintiffs income or to take into account the ability to repay the subject loans.

37. The Plaintiff is informed and believes that he was charged with high fees and c )sts in amounts to be determined.

38. As a proximate result of the fraudulent conduct of the Defendants as herein all ged, the Plaintiff Vargas was unable to make his mortgage payments and his home fell into for closure by reason of which the Plaintiffs have been damaged in the sum of at least $750,000.00.

LAW OFFICE OF MARCUS GOMEZ
12749 Norwalk Blvd., Suite 204-A, Norwalk, California 90650
562.929.2309 telephone | 562.864.5459 facsimile

7

1    39. The aforementioned conduct of the Defendants was an intentional misrepresent tion,

2    deceit, or concealment of a material fact known to the Defendants with the intention on the part of

3    the Defendants of thereby depriving the Plaintiffs of property or legal rights or otherwise c using

4    injury, and was despicable conduct that subjected the Plaintiff to a cruel and unjust hardsh  in

5    conscious disregard of the Plaintiff's rights, so as to justify an award of exemplary and pur itive

6

7    damages.

8    **THIRD CAUSE OF ACTION FOR SPOILATION OF EVIDENCE**

9    **AS TO DEFENDANTS ESCROW AND MONTAGHAMI**

10    40. Plaintiffs incorporate herein the prior allegations contained in this complaint.

11    41. Defendants Escrow, Montaghami and Does 101-151 negligently and/or intentic nally

12    destroyed or failed to preserve escrow records and notary public records relating to the afc esaid

13    home loan transactions involving Plaintiff Vargas and Defendant FHMC which document:

14    reasonably knowable, pending or probable litigation.

15

16    42. The elimination of the documents is the cause of substantial impairment of or s gnificant

17    prejudice to the ability of Plaintiff to prove or disprove claims by Plaintiffs as to Defendar s

18    FHMC, MERS and others or defenses of Plaintiffs to claims of said Defendants causing di mages to

19    Plaintiffs in the amount of at least $750,000.00.

20

21    43. The conduct of Defendants Escrow and Montaghami were intentional, grossly  egligent,

22    were done for the purpose of destroying or preventing the use of evidence without reasona le

23    concern for preserving evidence; and proximately caused the destruction or lack of preser ation of

24    the subject documents in reasonably imminent litigation, resulting in the need for exempla y or

25    punitive damages in order to adequately compensate Plaintiff and to deter such future culp ble

26    conduct.

27

28

LAW OFFICE OF MARCUS GOMEZ
12749 Norwalk Blvd., Suite 204-A, Norwalk, California 90650
562.929.2309 telephone | 562.864.5459 facsimile

**8**

LAW OFFICE OF MARCUS GOMEZ
12749 Norwalk Blvd., Suite 204-A, Norwalk, California 90650
562 929 2309 telephone | 562 864 5459 facsimile

## FOURTH CAUSE OF ACTION FOR RECISION

### AS TO DEFENDANTS FHMC, MERS

44. Plaintiffs incorporate herein the prior allegations contained in this complaint.

45. On or about May 1, 2008 Plaintiff discovered the true facts to be those alleged in Paragraph 27.

46. Plaintiff will suffer substantial harm and injury under the contract if it were not rescinded in that as a result of Defendants' conduct, Plaintiff will be unable to pay the loan and lose his home.

47. Plaintiff intends service of the summons and complaint in this action to serve a notice of rescision of the subject loan contracts. Plaintiff does not offer nor tender restitution because the damages sustained by Plaintiff equal or exceed the value of what has to be restituted.

48. As a result of entering into the contracts with defendants, Plaintiff has incurred expenses in addition to those alleged above. Plaintiff will continue to incur them in an amount unknown to him at this time. Plaintiff prays leave of this court to amend this complaint to insert the true name amount of those expenses when they are ascertained.

49. In performing the acts herein alleged, defendant FHMC intentionally misrepresented to conceal from Plaintiff material facts to be known to defendant, with the intention on the part of defendant of depriving Plaintiff of his money and property, thereby justifying an award of punitive damages against Defendant FHMC.

## FIFTH CAUSE OF ACTION:

### WRONGFUL FORECLOSURE IN A NON-JUDICIAL

### FORECLOSURE ACTION (CAL. CIV. CODE §2924; COM. CODE §3502

### AS TO MERS

50. Plaintiffs reallege and reincorporate by reference by reference the above paragraphs

9

LAW OFFICE OF MARCUS GOMEZ
12749 Norwalk Blvd., Suite 204-A, Norwalk, California 90650
562 929 2309 telephone | 562 864 5459 facsimile

1    as though set forth fully herein.

2        51. On or about December 27, 2007, Recontrust Company on behalf of MERS recorded a

3    Notice of Default concerning the subject property, and commenced what is known as a non-judicial

4    foreclosure.

5        52. Cal. Civil Code Section 2924 governs non-judicial foreclosures. The plain language of

6    the statute provides that only one to whom an obligation is owed may enforce the power of sale

7    clause in a deed of trust. The obligation is the promissory note. A promissory note is a negotiable

8    instrument, governed by the California Commercial Code at section 3104(a).

9

10       53. Section 2924 is comprehensive, but not exhaustive. California Golf, LLC v. Cooper

11   (2008) 163 Cal. App.4th 1053. California courts allow additional remedies to pursue misconduct

12   arising out of non-judicial foreclosure sales when not inconsistent with the policies behind the

13   statues. Id. California Golf, LLC 163 Cal. App.4th at 1069-1070.

14       54. Two important policies behind the statute are: (1) to protect the debtor from wrongful

15

16   loss of property, and (2) to ensure that a property conducted sale is final between the parties. Id.

17       55. Cal. Com. Code section 3502 sets forth the rules governing dishonor of a note. In the

18   situation, as alleged by Defendants in this matter, where a note is payable upon demand, the note is

19   only dishonored if "presentment" is duly made to the maker.

20       56. Under Cal. Comm. Code section 3501(a), "Presentment" means a demand for money by

21

22   a person "entitled to enforce the instrument."

23       57. Further, the law requires that upon demand of the person to whom presentment is made,

24   the person making presentment shall (A) exhibit the instrument, (B) give reasonable identification

25   and, if presentment is made on behalf of another person, reasonable evidence or authority to do so,

26   and (C) sign a receipt on the instrument for any payment made or surrender the instrument if full

27   payment is made. Cal. Comm. Code § 3501 (2).

28

10

**FIRST AMENDED ADVERSARY COMPLAINT FOR DAMAGES FOR FRAUD, PREDATORY LENDING, SPOLIATION
OF EVIDENCE, RECISION, QUIET TITLE, DECLARATORY AND INJUNCTIVE RELIEF**

LAW OFFICE OF MARCUS GOMEZ
12749 Norwalk Blvd. Suite 204-A, Norwalk, California 90650
562.929.2309 telephone | 562.864.5459 facsimile

58. In this case, presentment did not occur. In fact, presentment could not occur MERS did not pay for the obligation, MERS did not receive the obligation, MERS does not collect or demand payments. MERS does not have the ability to enforce the instrument or the obligation thereunder because MERS is not a holder of the Note or obligation .

59. California case law provides that **only the holder of the Note** can initiate foreclosure proceedings, regardless of to whom the mortgage is owed. (See <u>Adler vs. Sargent</u> (1895) 119 Cal. 42, 49). Also, a "*mortgagee's purported assignment of the mortgage without an assignment of the debt which is secured is a **legal nullity**.*"

60. In <u>Bennett v. Taylor</u> (1855) 5 Cal. 502, the California Supreme Court held that a mortgage is a mere incident to the debt secured by it, and in order to maintain an action on the mortgage, *the debt must first be proved*. (emphasis added). In addition to the above, the California Supreme Court made clear that *the holder of the note* is the only party entitled to enforce the rights granted by the note. <u>Id.</u> (emphasis added).

61. The California Supreme Court held that an action will not lie on the mere recitals in a mortgage of the existence of the debt. <u>Shafer v. Bear River & Auburn Water & Mining Co.</u>, (1855) 4 Cal. 294. Rather, the Supreme Court held that a mortgage is a mere incident to the debt, and *only the holder of the collateral note has the right to foreclose*. <u>Adler v. Newell</u> (1895) 109 Cal 42. (emphasis added).

62. These cases are still valid. Other legal scholars agree with the rationale. The Restatement (3d) of Property (Mortgages) § 5.4 states that "<u>the person holding only the deed of trust will never experience default because only the holder of the note is entitled to payment of the underlying obligation.</u> <u>Id.</u> (emphasis added).

63. Recently the United States District Court for the Northern District of California, held, in Saxon Mortgage Services, Inc. v. Hillery, 2008 U.S. Dist. LEXIS 100056 (N.D. Cal.), that Kelly,

11

supra, 39 Cal. 2d at 192 establishes the Restatement under California law. The deed alone is a legal nullity.

64. In this case, MERS is nowhere named in the Note. MERS does not have the legal right to enforce the Note.

65. The California Legislature enacted Cal. Comm. Code §301, which states:

*"Person entitled to enforce" an instrument means*

(a) the holder of the instrument
(b) a nonholder in possession of the instrument who has the rights of a holder, or
(c) a person not in possession of the instrument who is entitled to enforce the instrument Pursuant to Section 3309 or subdivision (d) of Section 3418.

66. MERS cannot meet any of the three requirements and is thus not a "person entitled to enforce" the Note and foreclose.

67. Indeed, such standing requirements have prohibited foreclosures all across America recently.

68. Cal. Comm. Code §1201 defines a "Holder, " as

(a) the person in possession of a negotiable instrument that is payable either to bearer or, to an identified person that is the person on possession; or

(b) the person in possession of a document of title if the goods are deliverable either to bearer or to the order of the person in possession

69. Here, the Note is a negotiable instrument. (Comm. Code §3104). MERS is not the Holder of the Note.

70. Plaintiffs are informed and believe that MERS does not possess the Note. Moreover, Plaintiffs are informed and believe that MERS also does not have any Rights of a Holder.

71. Accordingly, MERS does not qualify as a nonholder in possession of the note with rights of a holder, and cannot foreclose under section 3301(b).

LAW OFFICE OF MARCUS GOMEZ
12749 Norwalk Blvd., Suite 204-A, Norwalk, California 90650
562.929.2309 telephone | 562.864.5459 facsimile

12

LAW OFFICE OF MARCUS GOMEZ
12749 Norwalk Blvd., Suite 204-A, Norwalk, California 90650
562.929.2309 telephone | 562.864.5459 facsimile

72. MERS has not made the requisite showing and Plaintiffs must be protected against, among other things, a claimant that may appear at some later time, claiming an interest in the obligation or this property.

73. Accordingly MERS fails to meet the requirements of the Commercial Code and is thus precluded from foreclosing on the Residence.

74. In light of the various transfers of interest of the obligation in this matter, it is unclear as to whom if anyone, has the legal right to foreclose.

75. Even assuming MERS had the legal right to enforce the obligation, pursuant to CCC 2924, discussed below, the power of sale may not be exercised until CCC section 2923.5 has been complied with. It was not.

76. Plaintiffs seek legal redress against Defendants for conducting an unlawful foreclosure, including an order canceling and rescinding the Notice of Default, the Notice of Sale and all documents related to the improper non-judicial foreclosure, costs of suit, general damages, special damages, punitive damages, and attorneys' fees.

### SIXTH CAUSE OF ACTION:
### DECLARATORY AND INJUNCTIVE RELIEF
### LACK OF STANDING TO CONDUCT A
### NON-JUDICIAL FORECLOSURE SALE
### CAL COM CODE 3301 AS TO MERS

77. Plaintiffs reallege and incorporate by reference the above paragraphs as though set forth fully herein.

78. In order to conduct a foreclosure action a party must have standing.

79. California Code of Civil Procedure 725(a) and 726 provide for judicial foreclosures, where as California Civil Code 2924, et seq, provides for non-judicial foreclosures.

80. If MERS elected to proceed with a judicial foreclosure under California Code of Civil

13

Procedure 726, it would be required to prove it has the ability to enforce the underlying Note.

81. There are constitutional requirements (standing) and prudential requirements (including real party in interest). <u>Morrow v. Microsoft Corp.</u> 499 F.3d 1332, 1339 (9th Cir. 2007).

82. Concerning procedural due process, MERS' non-judicial foreclosure action is defective, not only because it violated Cal. Civ. Code §2923.5, but also since it was not brought by both the present **owner** of the Note and party **entitled to enforce** the Note under Cal. Comm. Code §3301. Indeed, there is evidence that a defunct entity actually owns the note and is the party who may enforce the note.

83. Defendants must have standing. Defendants purport to own the Note in this matter, thereby asserting they can enforce any rights granted thereunder, but without showing they ever had possession of the Note or somehow became the Holder of the Note. The law in this area is well-settled based, in part, on long-standing authority that a party seeking relief Amust assert his own legal rights and interests, and cannot rest his claim to relief on the legal rights, or interests of third parties." <u>Valley Forge Christian College v. Ams. United for Separation of Church and State</u>, 454 U.S. 464, 476 (1982) citing <u>Warth v. Seldin</u>, 422 U.S. 490, 501 (1975).

84. This standing requirement is Aan essential and unchanging part of the case-or-controversy requirement of Article III.@ <u>Lujan v. Defenders of Wildlife</u>, 502 U.S. 555, 560 (1992). Discussed herein, without the Note, Defendant lacks standing to enforce it, or anything else related to it.

85. MERS is not the owner of the Note, does not possess the Note, and is not a real party-in-interest. It cannot conduct a non-judicial foreclosure.

86. The Note may have been transferred, but it is unknown where it is.

87. The Note is owned by another. MERS does not own the Note, nor does it claim to own

LAW OFFICE OF MARCUS GOMEZ
12749 Norwalk Blvd., Suite 204-A, Norwalk, California 90650
562.929.2309 telephone | 562.864.5459 facsimile

14

the Note. Indeed, MERS is not a lender and never claims ownership of notes generally. MERS completely fails the **procedural due process requirement** of being the **real party in interest** to move for non-judicial foreclosure.

88. There is also a requirement for substantive due process. This concerns the ability to enforce the underlying obligation. Discussed herein, obligations in mortgages are governed by Article 3 Negotiable Instrument Statutes. The underlying note is a negotiable instrument, Article 3 governs its enforceability.

89. Additionally, ownership and enforcement of a Note are two separate beasts. An owner may be without possession and may not be able to enforce, yet it is still an owner. Likewise, a thief may be in possession of the Note and be entitled to enforce the Note.

90. MERS does not possess the Note, and has no rights to enforce the Note under California Commercial Code 3301(a), (b), or (c). MERS fails the **substantive due process requirements** to conduct a non-judicial foreclosure action.

91. As discussed in another text: Q: Could MERS legally perform a non-judicial sale?

A: Yes. As a mortgagee of record, MERS would have standing to bring

a non-judicial foreclosure action and foreclose its mortgage interest in

the property, provided that the **note is endorsed to it, or in blank,**

and it is in the **possession of a MERS certifying officer.**

92. Neither of these possibilities are present.

93. Notwithstanding that MERS elected to proceed to foreclose non-judicially pursuant to California Civil Code 2924, et seq., it still must have the ability to enforce the underlying Note.

94. Notwithstanding that millions of non-judicial foreclosures have taken place in California, the threshold requirement of being able to legally enforce the Note has not been abrogated.

LAW OFFICE OF MARCUS GOMEZ
12749 Norwalk Blvd., Suite 204-A, Norwalk, California 90650
562.929.2309 telephone | 562.864.5459 facsimile

15

95. Notwithstanding that millions of non-judicial foreclosures may have illegally taken place in California by parties lacking the ability to enforce the notes, this does not dispense the requirement of being able to legally enforce the Note

96. The forged Note, at best, represents Plaintiffs' obligation on the debt, while the deed of trust represents the security

97. The deed of trust merely offers equitable remedies against the Residence to the party entitled to enforce the Note.

98. This issue is so significant that other jurisdictions are enacting statutes which require the trustee in a foreclosure sale to obtain proof the beneficiary is the actual holder of the promissory note. See, State of Washington, Deeds of Trust Foreclosure Law ESB 5810, effective July 2009. Indeed, such standing requirements have prohibited foreclosures all across America recently. See, In re Hwang, 396 B.R. 757 (Bankr. C.D. Cal. 2008); In re Hayes, 393 B.R. 259 (Bankr. D. Mass 2008); In re Sheridan, 2009 WL 631355 (Bankr. D. Idaho, Mar. 12, 2009); In re Foreclosure Actions, 2007 WL 4034554 (N.D.Ohio, Nov. 14, 2007); Landmark Nat=l Bank v. Kesler, 2009 WL 2633640 (Kan. 2009); U.S. National Bank v. Ibanez and Wells Fargo Bank, N.A., Trustee v. Larace, 17 LCR 202, 2009 Mass. LCR LEXIS 41 (Mass. 2009). In those cases, the party requesting foreclosure was denied for failure to prove standing. Clearly, borrowers have a right to make sure that the entity that is foreclosing has a legal right to foreclose.

99. Also see the opinion in the recently decided matter of Landmark National Bank v. Kesler, 2009 Kan. LEXIS 834. In that matter, the Kansas Supreme Court held that a nominee company called MERS has no right or standing to bring an action for foreclosure.

100.    In California, the Note is a negotiable instrument pursuant to Cal. Comm. Code 3104(a).

LAW OFFICE OF MARCUS GOMEZ
12749 Norwalk Blvd., Suite 204-A, Norwalk, California 90650
562.929.2309 telephone | 562.864.5459 facsimile

16

101.    A note is personal property and the deed of trust securing a note is a mere incident of the debt it secures, with no separable ascertainable market value. Ca Civ Code 657, 663. Kirby v. Palos Verdes Escrow Co. 183 Cal. App. 3d 57, 62.

102.    A fundamental feature of negotiable instruments is that they are transferred by the **delivery of possession**, not by contract or assignment. In re <u>Kang Jin Hwang</u>, 396 B.R. 75 .

103.    The right to enforce a negotiable instrument such as a Note is only transferable by delivery of the instrument itself. California Commercial Code ' 3203;

104.    *A mortgagee's purported assignment of the mortgage without an assignment of the debt which is secured is a legal nullity.* @ <u>Kelley v. Upshaw</u> (1952) 39 Cal 2d 179, 246 P2d 23, 1952 Cal LEXIS 248.

105.    California Commercial Code §3301 only allows enforcement of the Note by possession, either as a holder or non-holder in possession with holder rights:

> "Person entitled to enforce" an instrument means
>
> (a) the holder of the instrument
> (b) a nonholder possession of the instrument who is entitled to enforce the instrument pursuant to Section 3309 or subdivision (d) of Section 3418. A person may be a person entitled to enforce the instrument even though the person is not the owner of the instrument or is in wrongful possession of the instrument

106.    MERS is nowhere listed in the Note.

107.    MERS is not and never has been a holder of the Note.

108.    MERS is not and never has been a nonholder in possession of the Note with holder rights.

109.    Since MERS previously had no enforceable right to the Note pursuant to California

LAW OFFICE OF MARCUS GOMEZ
12749 Norwalk Blvd , Suite 204-A, Norwalk, California 90650
562.929.2309 telephone | 562.864.5459 facsimile

Commercial Code 3301 at the time of the recording of the Notice of Default, the Notice of Default provisions of California Civil Code §2924 and Notice of Sale provisions of California Civil Code § 2924(f) were never complied with.

110.    MERS presently does not have any enforceable rights under California Commercial Code 3301(a) to enforce the negotiable instrument.

111.    Since MERS has no right to enforce the negotiable instrument, there are no rights to enforce any accessory security interest via a Deed of Trust pursuant to California Civil Code 2924.

112.    Supposing, arguendo, even if they did, Cal. Civ. Code section 2932.5 provides that a power of sale clause in a Deed of Trust is not valid unless the Deed of Trust has been recorded. In this matter, it appears no assignments have been recorded, thus the power of sale clause is not provided for by operation of law.

113.    Plaintiffs are entitled to Declaratory Relief finding that the MERS can not enforce the Notice of Default or any subsequent foreclosure since it never had any enforceable rights in the Note (or Deed of Trust) pursuant to legal theories based California Commercial Code 3301, case law, and Cal. Civ. Code §2932.

114.    MERS threatens to, and unless restrained, will foreclose upon Plaintiffs= Residence by conducting a trustee's sale.

115.    Pecuniary compensation is warranted as Plaintiffs' Residence is unique.

116.    Injunctive relief is immediately necessary to enjoin MERS from foreclosing upon Plaintiffs' Residence since it can not enforce the obligation in this matter

LAW OFFICE OF MARCUS GOMEZ
12749 Norwalk Blvd., Suite 204-A, Norwalk, California 90650
562.929.2309 telephone | 562.864.5459 facsimile

18

## SEVENTH CAUSE OF ACTION FOR QUIET TITLE

**AS TO DEFENDANTS FHMC, MERS AND ALL PERSONS CLAIMING BY, THROUGH, OR UNDER SUCH PERSON, ALL PERSONS UNKNOWN, CLAIMING ANY LEGAL OR EQUITABLE RIGHT, TITLE, ESTATE, LIEN, OR INTEREST IN THE PROPERTY DESCRIBED IN THE COMPLAINT ADVERSE TO PLAINTIFF'S TITLE THERETO AND DOES 1-150,**

117. Plaintiffs herein incorporate haec verba the prior allegations in this Complaint

118. Plaintiff Raymond Vargas is the owner of the Destino Lane, real property now held by the Plaintiff Estate.

119. The basis of Plaintiff's title is a deed granting the above-described property in fee simple to plaintiffs dated September 07, 1971 and recorded in the Official Records of the County of Los Angeles Book D5275 page 23 (See Exhibit 3).

120. Plaintiff is informed and believes and on such information and belief alleges that Defendants FHMC, MERS and DOES 101 through 150 and all persons claiming by, through, or under such person, all persons unknown, claiming any legal or equitable right, title, estate, lien, or interest in the property described in the complaint adverse to Plaintiff's title thereto, claim an interest adverse to Plaintiff in the above-described property as adverse interest the holder of a deed of trust against the subject property. The deed of trust was recorded on October 11, 2000 in the Official Records of the County of Los Angeles, as documents number 06-2255530 (a copy of which is attached herein marked Exhibit 1 and made a part hereof). Some of the defendants including MERS and unknown defendants, specifically those additionally designated as DOES 101 through 150, inclusive claim interests in the property adverse to Plaintiff as assignees and successors of Defendants.

LAW OFFICE OF MARCUS GOMEZ
12749 Norwalk Blvd., Suite 204-A, Norwalk, California 90650
562.929.2309 telephone | 562.864.5459 facsimile

FIRST AMENDED ADVERSARY COMPLAINT FOR DAMAGES FOR FRAUD, PREDATORY LENDING, SPOILATION OF EVIDENCE, RECISION, QUIET TITLE, DECLARATORY AND INJUNCTIVE RELIEF

LAW OFFICE OF MARCUS GOMEZ
12749 Norwalk Blvd., Suite 204-A, Norwalk, California 90650
562.929.2309 telephone | 562.864.5459 facsimile

121. Plaintiff is informed and believed as on such information and belief alleges that

defendants FHMC, MERS and all persons claiming by, through, or under such person, all persons

unknown, claiming any legal or equitable right, title, estate, lien, or interest in the property

described in the complaint adverse to Plaintiff's title thereto and Does 101 through 150, inclusive

claim an interest adverse to Plaintiff in the above described property as adverse interest the holder

of a deed of trust against the subject property.  The deed of trust was  recorded on October 11, 2006

in the official records of the County of Los Angeles document number 06-2255531 (a copy of

which is attached herein marked Exhibit 2 and made a part hereof).  Some of the Defendants

including MERS and unknown defendants; specifically those additionally designated as Does 101

through 151; inclusive, claim interest in the property adverse to Plaintiff as assignees and successors

of defendants.

122. Plaintiff is seeking to quiet title against the claims of defendants the claims of the

successor defendants, the claims of all unknown defendants whether or not the claim or cloud is

known to plaintiff and the unknown, uncertain, or contingent claim, if any, of any Defendant.

The claims of Defendants are without any right whatever and such defendants have no right title,

estate, lien, or interest whatever in the above-described property or any part thereof.

123.Plaintiffs seek to quiet title as of a date to be determined.

## EIGHTH CAUSE OF ACTION FOR LIBEL
### AS TO DEFENDANTS FHMC, MERS AND ALL PERSONS CLAIMING BY, THROUGH, OR UNDER SUCH PERSON, ALL PERSONS UNKNOWN, CLAIMING ANY LEGAL OR EQUITABLE RIGHT, TITLE, ESTATE, LIEN, OR INTEREST IN  THE PROPERTY DESCRIBED IN THE COMPLAINT ADVERSE TO PLAINTIFF=S TITLE THERETO AND DOES 1-150,

124.The conduct of Defendants constitutes libel that tends to defame, disparage, and injure

Plaintiff in their business and reputation and has also caused pain and suffering.

20

1    125. Such libel has occurred on a continuing basis from approximately November o

2    2008 through the present.

3    126. As a result of Defendants' acts and omissions, Plaintiffs has been injured in an  mount

4    yet to be ascertained.

5

6    127. The conduct of these Defendants as alleged herein was willful, fraudulent, mal  ious,

7    and oppressive. As a result, Plaintiffs request an award of punitive damages.

8                                        **PRAYERS FOR RELIEF**

9    WHEREFORE, the Plaintiffs pray for judgment as follows:

10

11    As to the First Cause of Action for Fraud as to Defendants FHMC, Escrow and Mo  taghami

12    1.   For general damages in the sum of $ 1,000,000.00

13    2.   For special damages in the sum of $ 750,000.00

14    3.   For punitive damages in an amount appropriate to punish the defendants and de  er

15    others from engaging in similar misconduct;

16    As to the Second Cause of Action for Predatory Lending as to Defendants FHMC,   scrow

17    and Montaghami

18    4.   For general damages in the sum of $1,000,000.00

19

20    5.   For special damages in the sum of $ 750,000.00

21    6.   For punitive damages in an amount appropriate to punish the defendants and de  er

22    others from engaging in similar misconduct;

23    As to the Third Cause of Action for Spoilation of Evidence as to Defendants FHM(  and

24    MERS

25    7.   For general damages in the sum of $1,000,000.00

26

27    8.   For special damages in the sum of $ 750,000.00

28    9.   For punitive damages in an amount appropriate to punish the defendants and de  er

LAW OFFICE OF MARCUS GOMEZ
12749 Norwalk Blvd., Suite 204-A, Norwalk, California 90650
562.929.2309 telephone | 562.864.5459 facsimile

21

LAW OFFICE OF MARCUS GOMEZ
12749 Norwalk Blvd., Suite 204-A, Norwalk, California 90650
562.929.2309 telephone | 562.864.5459 facsimile

1  others from engaging in similar misconduct;

2       As to the Fourth Cause of Action for Rescission as to Defendants FHMC and MER ;

3       10. That this Court declare that the subject home loans have been rescinded;

4       11. That the Defendants be ordered to pay to Plaintiff general damages in an amour  to be

5  determined

6

7       12. That Defendants be ordered to pay Plaintiff special damages in an amount to be

8  Determined

9       As to the Fifth Cause of Action for Unlawful Foreclosure as to MERS

10      13. A judgment ordering cancellation and recission of the Notice of Default, the No ice of

11  Sale and all documents related to the improper non-judicial foreclosure sale, costs of suit, g neral

12  damages in this sum of $1,000,000, special damages in the sum of $750,000, punitive dam ges in

13  an amount appropriate to punish defendant and deter others from engaging in similar misc  nduct,

14  and attorneys' fees.

15      As to the Sixth Cause of Action for Lack of Standing to Conduct a Non-Judicial Fo  closure

16      14. A permanent injunction that MERS lacks standing to conduct a non-judicial fore closure

17  concerning the subject property.

18      As to the Seventh Cause of Action for Quiet Title as to Defendant FHMC, MERS, a l

19  persons claiming by, through, or under such person, all persons unknown, claiming any leg l or

20  equitable right, title, estate, lien, or interest in the property described in the complaint adver  e to

21  Plaintiff's title thereto

22

23      15. A judgment that Plaintiff is the owner of the subject property and that Defendan ; have

24  no interest in the property.

25      As to the Eighth Cause of Action Libel

26      16. That the Defendants be ordered to pay to Plaintiff general damages in an amoun  to be

27  determined;

28

FIRST AMENDED ADVERSARY COMPLAINT FOR DAMAGES FOR FRAUD, PREDATORY LENDING, SP  ILATION
OF EVIDENCE, RECISION, QUIET TITLE, DECLARATORY AND INJUNCTIVE RELIEF

1      17. That Defendants be ordered to pay Plaintiff special damages in an amount to be

2  determined;

3      18. For punitive damages in an amount appropriate to punish the defendants and deter

4  others from engaging in similar misconduct;

5

6

7  Dated: 1/15/10

8                           MARCUS GOMEZ,
                             Attorney for Plaintiffs

LAW OFFICE OF MARCUS GOMEZ
12749 Norwalk Blvd., Suite 204-A, Norwalk, California 90650
562.929.2309 telephone | 562.864.5459 facsimile

**FIRST AMENDED ADVERSARY COMPLAINT FOR DAMAGES FOR FRAUD, PREDATORY LENDING, SPOLIATION
OF EVIDENCE, RECISION, QUIET TITLE, DECLARATORY AND INJUNCTIVE RELIEF**

# VERIFICATION

I, Raymond Vargas, am a Plaintiff in the above- entitled action. I have read the foregoing complaint and know the contents thereof. The same is true of my own knowledge, except as to those matters which are therein stated on information and belief, and as to those matters, I believe it to be true.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Dated: 1|15|10

_____
RAYMOND VARGAS

10

| In re: Raymond Vargas | CHAPTER: **7** |
|---|---|
| Debtor(s). | CASE NUMBER: 2:09-ap-01135-SB |

**NOTE**: When using this form to indicate service of a proposed order, **DO NOT** list any person or entity in Category I. Proposed orders do not generate an NEF because only orders that have been entered are placed on a CM/ECF docket.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:

12749 Norwalk Blvd., Suite 204A
Norwalk, CA 90650

A true and correct copy of the foregoing document described as  First Amended Complaint for Damages for Fraud,  Predatory Lending, Spoilation of Evidence, Recision, Unlawful Foreclosure, Libel, Quiet Title _____ will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d), and **(b)** in the manner indicated below:

**I. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** - Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document.  On  1/15/10 _____ I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email addressed indicated below:

efile@sfblaw.com      ustpregion16.la.ecf@usdoj.gov

☐ Service information continued on attached page

**II. SERVED BY U.S. MAIL OR OVERNIGHT MAIL** (indicate method for each person or entity served):
On  1/15/10 _____ I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follow.  Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☑ Service information continued on attached page

**III. SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on _____ I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method) by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| 1/15/10 | Elizabeth Arreola | _____ |
|---|---|---|
| Date | Type Name | Signature |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

In re:                                                    CHAPTER: 7

                                        Debtor(s).    CASE NUMBER: 2:08-bk-17036-SB

                                                      Adversary Number: 2:09-ap-01135-S :

## ADDITIONAL SERVICE INFORMATION (if needed):

HONORABLE SAMUEL L BUFFORD
255 EAST TEMPLE STREET, SUITE 1582
LOS ANGELES, CA 90012

UNITED STATES TRUSTEE'S OFFICE
725 S. FIGUEROA STREET
16TH FLOOR
LOS ANGELES, CA 90012

CHAPTER 7 TRUSTEE
JOHN P. PRINGLE
ROQUEMORE, PRINGLE & MOORE
6055 EAST WASHINGTON BOULEVARD
SUITE #500
LOS ANGELES, CA 90040

MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.
(M.E.R.S.)
1818 LIBRARY STREET
SUITE 300
RESTON, VA 20190-0000

FREEDOM HOME MORTGAGE INCORPORATION
c/o STEPHEN F. BIEGENZAHN, Esq.
4300 VIA MARISOL, STE 764
LOS ANGELES, CALIFORNIA 90042-5079

Brian M. Jazaeri
Morgan, Lewis & Bockius LLP
300 South Grand Avenue, 22nd Floor
Los Angeles, CA 90071-3132

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California

January 2009                                                                          F 901 .-. .1