```
 1              UNITED STATES BANKRUPTCY COURT

 2              CENTRAL DISTRICT OF CALIFORNIA

 3                      --oOo--

 4  In Re:                    )  Case No. LA08-17036-SB
                              )
 5  RAYMOND VARGAS,           )  Los Angeles, California
                              )  Tuesday, March 9, 2010
 6        Debtor.             )  10:00 a.m.
                              )
 7  _____)

                                 ADV. 09-01135 VARGAS, ET AL.
 8                               v. MERS, INC., ET AL.

 9                               HEARING RE: [36] MOTION TO
                                 DISMISS ADVERSARY PROCEEDING
10                               DEFENDANT MORTGAGE ELECTRONIC
                                 REGISTRATION SYSTEMS, INC.'S
11                               NOTICE OF MOTION AND MOTION TO
                                 DISMISS PLAINTIFF'S FIRST
12                               AMENDED ADVERSARY COMPLAINT

13                               STATUS HEARING: [1] ADVERSARY
                                 CASE 2:09-AP-01135.  COMPLAINT
14                               BY RAYMOND VARGAS AGAINST
                                 MERS, INC. (FEE NOT REQUIRED).
15                               (ATTACHMENTS: #(1) SUPPLEMENT,
                                 #(2) EXHIBIT) NATURE OF SUIT:
16                               (72 (INJUNCTIVE RELIEF -
                                 OTHER)), (02 (OTHER (E.G.
17                               OTHER ACTIONS THAT WOULD HAVE
                                 BEEN BROUGHT IN STATE COURT IF
18                               UNRELATED TO BANKRUPTCY)

19              TRANSCRIPT OF PROCEEDINGS
          BEFORE THE HONORABLE SAMUEL BUFFORD
20              UNITED STATES BANKRUPTCY JUDGE

21

22

23

24
    Proceedings recorded by electronic sound recording;
25  transcript produced by transcription service.
```

*Echo Reporting, Inc.*

ii

1  APPEARANCES:

2  For the Debtor,              MARCUS GOMEZ, ESQ.
     Plaintiffs and             12749 Norwalk Boulevard
3    Chapter 7 Trustee:         Suite 204A
                                Norwalk, California 90650
4                               (562)929-2309

5                               BRETT BAER, ESQ.

6  For Defendant MERS:          RICHARD ESTERKIN, ESQ.
                                Morgan, Lewis & Bockius
7                               300 South Grand Avenue
                                Twenty-Second Floor
8                               Los Angeles, California 90071
                                (213) 612-2500
9
   Court Recorder:              Gabriel Huerta
10                              United States Bankruptcy Court
                                Edward R. Roybal Federal
11                                Building
                                255 East Temple Street
12                              Los Angeles, California  90012

13 Transcriber:                 Shonna D. Mowrer
                                Echo Reporting, Inc.
14                              6336 Greenwich Drive, Suite B
                                San Diego, California  92122
15                              (858) 453-7590

16

17

18

19

20

21

22

23

24

25

1

1  LOS ANGELES, CALIFORNIA  TUESDAY, MARCH 9, 2010 10:00 A.M.
2                              --oOo--
3      (Call to order of the Court.)
4           THE COURT:  Number 101, Raymond Vargas.
5           MR. GOMEZ:  Good morning, your Honor.  Marcus
6  Gomez for the Debtor.  Also appearing for the Plaintiffs,
7  Raymond Vargas and the Chapter 7 Trustee.
8           MR. BAER:  Brett Baer for the Debtor, Plaintiffs
9  Vargas and Trustee.
10          MR. ESTERKIN:  Good morning, your Honor.  Richard
11 Esterkin, Morgan, Lewis & Bockius on behalf of Defendant,
12 MERS.
13          THE COURT:  First of all, you seem to owe some
14 information to the Court, sir.
15          MR. ESTERKIN:  I'm sorry.  I didn't hear you.
16          THE COURT:  You seem to owe some information to
17 the Court.  Who does MERS represent in this matter?
18          MR. ESTERKIN:  Well, I did read the Court's
19 tentative ruling, which I believe -- well, I read it last
20 night around 6:00 o'clock or maybe even later than that.
21 The client is on the East Coast, and because the tentative
22 was posted as late as it was, although I did send an e-mail
23 to the client yesterday enclosing a copy of the tentative, I
24 haven't heard back yet.  It's been a few hours of business
25 days since the Court made the inquiry.  I certainly don't

2

1 have any --

2        THE COURT:  Of course, on the East Coast it's
3 afternoon now.

4        MR. ESTERKIN:  I can call, if the Court would like
5 to adjourn the hearing for five or 10 minutes and ask the
6 question.  I can represent to the Court that I certainly
7 have no problem in providing the information either to the
8 Court or to opposing counsel or both.  It's not like it's a
9 secret.  But I simply don't have the information today
10 because --

11        THE COURT:  I understand.

12        MR. ESTERKIN:  -- of the late time of the Court's
13 inquiry.

14        THE COURT:  MERS seems to want to play this game.
15 We're representing somebody else, but we're not going to
16 tell who it is.  That's not allowed in Federal Court.

17        MR. ESTERKIN:  Well, your Honor, once again, the
18 Court asked the question at some point in time, I believe,
19 after 6:00 o'clock last night.  I don't know exactly --

20        THE COURT:  I understand.  I understand that you
21 haven't been able to --

22        MR. ESTERKIN:  -- what time the tentative was
23 posted.

24        THE COURT:  I understand you haven't been able to
25 get the information yet.  So let's put this on second call

3

1 and let you make another try at that.  I understand that it
2 may take longer than we have this morning to do that.
3     MR. ESTERKIN:  Yeah.  The other point I would
4 make, your Honor -- and once again, I'm not trying to avoid
5 answering the question by making the point, but I don't
6 believe the point is relevant to the motion that's currently
7 before the Court.
8     And if I could take one minute to explain why
9 before we adjourn.  And I asked for the information --
10     THE COURT:  It's relevant at least in this
11 respect.  We as judges need to know who is appearing in our
12 court so we can decide whether we have to recuse or not.
13 MERS may be representing somebody here as to which I'm
14 required to recuse.  And the only way to find out is to make
15 the appropriate disclosure.
16     MR. ESTERKIN:  I understand.
17     THE COURT:  Even if there's no other relevance,
18 that is.
19     MR. ESTERKIN:  I understand the Court's concern,
20 but with respect to the present matter, MERS is representing
21 itself.  MERS was named as a Defendant in its individual
22 capacity in this lawsuit and has filed the motion to dismiss
23 the lawsuit in its individual capacity and not representing
24 anybody.
25     While I do understand that the current holder of

4

the note may well be of interest to the Court and may well be of interest to the Plaintiffs, that isn't relevant to the question of whether or not MERS -- whether a claim for relief has been stated against MERS by the complaint that's presently before the Court, which is addressed in the motion to dismiss which is present before the Court.

THE COURT: Well, we'll put this on second call. Why don't you see whether you can obtain the appropriate information.

MR. ESTERKIN: Thank you, your Honor. I'll step out into the hall and make a call.

THE COURT: Very well. Thank you, sir.

And we'll take this up at the beginning of the 11:00 o'clock calendar. And we'll take a recess until then.

(Proceedings recessed briefly.)

THE COURT: Back on Number 101, Raymond Vargas.

MR. GOMEZ: Marcus Gomez for the Debtor and Plaintiffs.

MR. BAER: Brett Baer for Debtor and Plaintiffs.

MR. ESTERKIN: And Richard Esterkin, Morgan, Lewis & Bockius on behalf of the Defendant, MERS, your Honor.

As the Court requested before we took the break, I placed a phone call. I was able to reach an attorney in our Miami office who is the direct client contact for our firm to MERS. He reported that he was unable to get the

5

1 information that the Court had requested as of this moment,
2 and he will provide the information to the Court and to
3 opposing parties as soon as we're able to get it.
4      What I'm not 100-percent clear on, though, your
5 Honor, was whether the Court was requesting the identity of
6 the note holder at the time that the notice of default was
7 recorded, which is the operative act, if you will, that is
8 alleged to be the cause of the liability alleged in the
9 complaint -- that was in September -- I'm sorry -- December
10 of 2007 -- whether the Court would like to know the note
11 holder as of September of 2008, when the motion for relief
12 from stay was filed before this Court or whether the Court
13 is inquiring as to the present note holder.
14      THE COURT:  I think I need to know all of that.
15      MR. ESTERKIN:  That's fine, your Honor.  We'll try
16 to get something on file that provides the information as of
17 each of those three dates to the best of MERS' knowledge as
18 quickly as we can.
19      THE COURT:  Probably what we're going to need is a
20 history of who has been the holder of the note.
21      MR. ESTERKIN:  We can provide -- MERS will provide
22 whatever information we have, your Honor.
23      THE COURT:  In order to qualify as a holder, that
24 history is going to be relevant.
25      MR. ESTERKIN:  I'm sorry.  In order to qualify as

6

```
 1  a holder?
 2          THE COURT:  Right.
 3          MR. ESTERKIN:  MERS -- once again, this is an
 4  adversary --
 5          THE COURT:  Nobody is going to be able to show
 6  that they're a holder of the note without showing the
 7  history.  That's the nature of the holder --
 8          MR. ESTERKIN:  I would assume --
 9          THE COURT:  -- the nature of the holder in due
10  course doctrine.
11          MR. ESTERKIN:  It will either be endorsements or
12  it will be assignments or --
13          THE COURT:  Right.
14          MR. ESTERKIN:  -- it will be something that
15  reflects the chain of title, if you will, of the note.
16          THE COURT:  Right.  There's going to be a chain of
17  title for the note, and that chain of title has to be shown
18  to show that whoever claims to be the holder today is, in
19  fact, the holder.
20          MR. ESTERKIN:  I understand.  But once again,
21  we're not here today trying to enforce the note or enforce
22  the trust deed.  MERS is here today because MERS has been
23  sued because it's alleged --
24          THE COURT:  I understand.
25          MR. ESTERKIN:  -- that MERS was not authorized
```

7

1 under law to file a notice of default in December of 2007.
2 And that's all that this adversary proceeding is about
3 insofar as MERS is concerned.
4      THE COURT:  And to show that authority, you have
5 to show who held the note at that time and that MERS was its
6 duly authorized agent.
7      MR. ESTERKIN:  Well, respectfully, we disagree
8 with that, your Honor, because the California statute, Civil
9 Code Section 2924(a)(1) is very clear that the beneficiary
10 of a trust deed is authorized to commence nonjudicial
11 foreclosure proceedings.  And we have, in the moving papers
12 and again in the reply that we filed, cited to numerous
13 cases that so hold.  And --
14      THE COURT:  I couldn't find any cases that you
15 cited on that subject.
16      MR. ESTERKIN:  Well, we filed an appendix of
17 authorities, your Honor, with our reply which attached --
18      THE COURT:  They're not authorities, sir.
19      MR. ESTERKIN:  Pardon me?
20      THE COURT:  They're not authorities.  They have no
21 authority whatsoever.
22      MR. ESTERKIN:  Some of them -- the vast majority
23 of them, I fully acknowledge are unpublished cases.  They
24 are nevertheless citable, and the Court -- I agree with the
25 Court that they're certainly not binding.

8

1       THE COURT:  Sir, they're simply waste paper.
2  They're no good to us whatever.
3       MR. ESTERKIN:  Okay.
4       THE COURT:  They simply get in the way.
5       MR. ESTERKIN:  I'm not going to argue with the
6  Court's conclusion.  We disagree -- respectfully disagree
7  with the Court's conclusion, but I certainly understand the
8  Court's statement.
9       The question still remains is, what does the Court
10 intend to do with the motion?
11      THE COURT:  Well, we seem to have a couple of
12 reasons why we need to have further hearing on this.  One
13 is, we do need to know who, if anybody, has authorized MERS
14 to take action with respect to foreclosure.
15      Second, we need you to clean up your papers by
16 getting so that we can read them without having all of those
17 unreported and worthless cases in the way.
18      MR. GOMEZ:  Can I suggest, your Honor, that we put
19 it over to the same date that we have --
20      MR. BAER:  Your Honor, I would respectfully
21 request the motion to dismiss this case be denied at this
22 point.  MERS has not been able to show that it has the right
23 to do what it claims it can do.  And they have not come to
24 this court with the evidence that they needed to do to show
25 this Court that they could have done that, first of all.

9

1          Second of all, they haven't provided any
2 authority, as this Court recognizes, that allows them to do
3 what they claim they could have done.  So at this point in
4 time, I don't see the point in having further hearings on
5 this which would amount to a mini trial.  I would rather ask
6 the Court to dismiss their motion to dismiss --
7          THE COURT:  Well, it won't amount to a mini --
8          MR. BAER:  -- and allow us to take discovery and
9 move forward with our case.
10         THE COURT:  It will not amount to a mini trial,
11 but we need to make sure we have the proper parties before
12 the Court.  We also need to know whether this is a matter
13 from which I am disqualified.  And we don't have either of
14 those.  We also need to have motion papers that are
15 readable, and we don't have that either.
16         So how long will it take to get these matters
17 straightened up?
18         MR. ESTERKIN:  Well, your Honor, I've forgotten
19 the exact date, but there's a status conference that was set
20 on the alias summons that was issued to allow the Plaintiffs
21 to add additional parties.  I think it's --
22         MR. GOMEZ:  That's April the 20th.
23         MR. ESTERKIN:  April 20th.
24         THE COURT:  April 20, yes.
25         MR. ESTERKIN:  And I did hear the Court in

```
                                                              10
 1  relation to earlier matters comment about your upcoming
 2  vacation, so --
 3          THE COURT:  Yes.
 4          MR. ESTERKIN:  I would agree with counsel that we
 5  should use April 20th as the next hearing date.
 6          THE COURT:  Very well.  That will be April 20 at
 7  10:00 o'clock.
 8          MR. GOMEZ:  I'll give notice, your Honor.
 9          THE COURT:  Very well.
10          MR. ESTERKIN:  And other than providing the
11  information that the Court has requested regarding the
12  history of the holders of the note, I'm not 100-percent sure
13  what it is the Court is requesting that we do between now
14  and that hearing.
15          THE COURT:  If you want me to read your papers,
16  sir, which I've not been able to do that because of all of
17  the material in it that's not germane, you'll need to file
18  new papers citing only published cases.
19          MR. ESTERKIN:  I understand. We'll consider
20  filing supplemental authorities.  When would the Court like
21  those supplemental points and authorities filed?
22          THE COURT:  They'll need to be filed three weeks
23  before and served three weeks before the hearing.
24          MR. GOMEZ:  We would request an opportunity to
25  respond to those.
```

*Echo Reporting, Inc.*

```
                                                            11
 1          THE COURT:  Yes, you'll have an opportunity to
 2   respond.
 3          MR. GOMEZ:  Thank you, your Honor.
 4          MR. ESTERKIN:  So we'll just follow the normal
 5   briefing schedule --
 6          THE COURT:  That's right.
 7          MR. ESTERKIN:  -- as though this was an originally
 8   filed motion for April 20th.
 9          THE COURT:  Exactly.
10          MR. ESTERKIN:  But it will be a continued hearing
11   of the present motion.
12          THE COURT:  That's right.
13          MR. ESTERKIN:  Thank you, your Honor.
14          THE COURT:  Thank you, counsel.
15          MR. GOMEZ:  Thank you, your Honor.
16          MR. BAER:  Thank you, your Honor.
17       (Proceedings concluded.)
18
19
20
21
22
23
24
25
```

*Echo Reporting, Inc.*

```
                                                                    12

 1          I certify that the foregoing is a correct

 2  transcript from the electronic sound recording of the

 3  proceedings in the above-entitled matter.

 4

 5  /s/Shonna Mowrer                        5/6/10
    Transcriber                             Date
 6
    FEDERALLY CERTIFIED TRANSCRIPT AUTHENTICATED BY:
 7

 8
    /s/L. L. Francisco
 9  L.L. Francisco, President
    Echo Reporting, Inc.
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
```